**FILIPO of Utulei, Objector**

**v.**

**A. S. MAIAVA of Utulei, Applicant**

No. 26-1962

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Laulusa" of Utulei]

December 26, 1962

Muagututia Tuia, Counsel for Filipo.
Lolo, Counsel for A. S. Maiava.

OPINION OF THE COURT

MORROW, *Chief Justice.*

A. S. Maiava filed his application with the Registrar of Titles to be registered as the holder of the matai title Laulusa attached to the Village of Utulei. Filipo filed an objection to the proposed registration claiming that he had "a better right than the said A. S. Maiava to succeed to said title." This resulted in the applicant and the objector each becoming a candidate for the name. Hence this litigation. See Section 6.0106 of the Code of American Samoa, 1961 Ed.

Section 6.0101 of the Code prescribes the qualifications which a person must have to be eligible to succeed to a matai title. The evidence established that both candidates possess these qualifications and that each of them is eligible for registration as the holder of a matai title.

Section 6.0107 of the Code prescribes the law which the Court shall follow in determining which one of opposing

314

candidates for a matai title shall be registered as its holder. It reads as follows:

"CONSIDERATION GIVEN BY COURT: In the trial of matai title cases, the High Court shall be guided by the following considerations, in the priority listed:

"First: The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

"Second: The wish of the majority or plurality of those clans of the family as customary in that family.

"Third: The forcefulness, character, personality, and knowledge of Samoan customs.

"Fourth: The value of the holder of the matai title to the family, the village, and the country."

Filipo and Maiava each filed his pedigree with the Court and testified as to his relationship to the title Laulusa. It is undisputed that Filipo is the grandson of Laulusa Siutulei and that he has ¼ Laulusa blood. Maiava testified that he is the grandson of Maiava Laulusa. While it was argued by counsel for Filipo that there never was a Maiava Laulusa, it is the unanimous opinion of the Court that the testimony of Maiava to the effect that there was a Maiava Laulusa and that he is the grandson of Maiava Laulusa is true and that he has ¼ Laulusa blood in his veins. We find that Maiava has ¼ Laulusa blood and that the two candidates are on an equality with respect to the issue of hereditary right.

■ We saw and heard the witnesses. Maiava impressed us as an honest witness and as a very stable, responsible, and reliable man. When Filipo was on the stand, a certain chief signalled answers to questions being put to him. As soon as the presiding judge became aware of it, he stopped it. The very fact that Filipo was a participant in such conduct while on the witness stand was damaging to him as a

315

witness and a reflection upon his character. It was also an indication of weakness on his part.

It was argued by counsel for Filipo that the testimony of Maiava to the effect that he had served two Laulusas was false upon the theory that he was too young to have served Laulusa Faoato. However, the matai name register shows that Faoato was registered as the Laulusa on September 27, 1906 and that his successor Siutulei was registered on March 16, 1922. Maiava is 57 years old which means that he was born in 1905. He was 17 years old when Siutulei was registered. We think Maiava could very easily have served Faoato, who died in 1926.

Maiava is 57 years old. He attended a faifeau's school, also the Marist Brothers' School in Atu'u for two years. He then attended Fagalele School for two years. Later he attended Leulumoega College in Upolu for three years and three months, from which school he graduated. Maiava speaks some English. He is a skilled carpenter, having learned his trade under Ned Ripley with whom he worked in building churches and living houses. He worked for Public Works for two or three years. After working with Ned Ripley and for Public Works, he formed his own organization and built a number of churches and other buildings including the churches in Ta'u and Fagasa. At the present time he is building a church in Fagaitua. During wartime he was the leader of a group of about 100 men engaged in the construction of the original airport at Tafuna.

Maiava has lived in Utulei all of his life, except when attending schools away from his village. He has contributed much to his village, having built the church, the pastor's house and the school house there. He built the large G. H. C. Reid & Co. store in Fagatogo. Maiava has drawn plans for a number of the churches he has built.

During the South Pacific Conference, Maiava had charge of a police patrol engaged in protecting persons and prop-

erty. He had charge of the last Laulusa's funeral and made many contributions in connection therewith, in accordance with Samoan customs. Maiava is the secretary of the finance committee of his church; also a deacon.

Maiava has been a matai for three years, and we are convinced that he is well grounded in Samoan customs.

Filipo, who is 32 years old, graduated from junior high school. Later he attended the Samoan High School for four years but did not graduate because he was sick. He took some correspondence courses in English and Bible, securing a certificate of graduation from the Bible School. His counsel stated in his argument that Filipo had graduated from the Teachers' Training College. Filipo speaks English. After leaving high school he was sick for about a month. He was then out of a job for about six years, apparently recuperating from his illness. He has been a teacher for about nine years and at present is teaching in Poyer Junior High School in Pago Pago. He has never held a matai title. He testified that he was familiar with Samoan customs and that he had been a leading young man in the Laulusa Family. Filipo is an elder in his church and is also on its educational committee.

We believe from the evidence that church and house building is a more profitable occupation than teaching in a junior high school and that Maiava will be in a better position financially to support the Laulusa title than will Filipo.

During the course of the hearing, the judges had an excellent opportunity to observe the personalities of the two candidates. Based upon our observation and the evidence adduced, it is our conclusion that Maiava prevails over Filipo on the issue of "forcefulness, character, personality, and knowledge of Samoan customs," and we so find.

It is also our conclusion from the evidence that Maiava will be of more value to his family, his village, and his country than will Filipo. Maiava has demonstrated his

value to his village by building its church, its school house, and its pastor's house. And he has demonstrated his value to his country by building churches and living houses in villages other than Utulei. We are satisfied from the evidence that Maiava has been of more value to his family than Filipo, and we believe he will continue to be. We find for Maiava on the fourth issue.

We have not made a finding with respect to the "wish of the majority or plurality of those clans of the family as customary in that family." It is not necessary that we do so, and we shall not, since we have found that the two candidates are on an equality with respect to the issue of hereditary right and that Maiava prevails over Filipo on the third and fourth issues. The third and fourth issues together carry more weight than the single issue of the wish of the majority or plurality of the clans in the family. It follows, therefore, that even if we were to find that Filipo prevails over Maiava on this issue (and we make no finding on it), we would still be required to order that Maiava be registered as the holder of the Laulusa title, since Maiava would prevail on two issues and Filipo would prevail on only one, both candidates being on an equality with respect to the issue of hereditary right.

It may be stated that the basic idea of a clan is that it consists of a group of people who are descended from a common ancestor. Filipo's counsel claimed that each new matai in the family who has descendants establishes a new clan and that the number of clans in a family is measured by the number of holders of the title who have had descendants. Some Samoan families trace their ancestry back for several hundred years. The writer of this opinion has been told of one family in Manua which claims that it has had 47 holders of the title. If they all have descendants, that would mean that there are 47 clans in this one family. It would also mean if B, the son of C, having five children and

20 grandchildren, should become the 48th holder of the title, that B would start a new clan and that his 25 descendants would then belong to the new clan and leave the clan of which they were members immediately preceding the date on which B got his title. Otherwise, the 25 would belong to at least two clans in the same family.

Counsel for Maiava contended if the first holder of the title had three sons and one daughter, each of whom had descendants, then there would be four clans in the family regardless of how many holders of the title the family may have had.

■ Without making any decision on the matter, we will say that it appears to us that this second contention is much more in accordance with Samoan custom than the first contention. If we should adopt this second contention as the true Samoan custom,—and there is much to support it—it would follow from the evidence that Maiava would also prevail over Filipo on the issue of the "wish of the majority or plurality of those clans of the family as customary in that family."

Maiava already has a matai name. It will be necessary for him to resign from the Maiava title before being registered as the Laulusa. It is not the custom in American Samoa for the same person to hold two matai titles at the same time. See Section 1.0102 of the Code, 1961 Ed.

DECREE

In accordance with the foregoing opinion, it is ORDERED, ADJUDGED AND DECREED that A. S. Maiava shall be registered as the holder of the matai title Laulusa attached to the Village of Utulei, upon his filing his resignation from the title Maiava with the Registrar of Titles. Maiava shall have two weeks within which to file such resignation. The Registrar of Titles will be advised of this decree.

Costs in the sum of $37.50 are hereby assessed against Filipo, the same to be paid within 30 days.